| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 1-10-2018 |
| | U.S. MAGISTRATE JUDGE | TIME: | 11:41 a.m. (32 minutes) |

*Abante Rooter and Plumbing, Inc. v. Shore Funding Solutions, Inc.*
**CV 17-6499 (ADS) (AKT)**

| | | |
|---|---|---|
| TYPE OF CONFERENCE: | | **INITIAL CONFERENCE** |
| APPEARANCES: | Plaintiff | Ross Howard Schmierer |
| | Defendant | Clifford B. Olshaker |
| | | (Does 1 through 10) |

FTR: 11:41-12:13

SCHEDULING:

The Discovery Status Conference will be held on May 30, 2018 at 11:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this putative TCPA class action met for a Rule 26(f) conference and I am adopting portions of the discovery plan submitted by them with several modifications. The Initial Case Management and Scheduling Order ("CMSO") is being entered separately.

2. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

3. Based upon the discussions with the attorneys during today's conference, it looks as if a Stipulation and Order of Confidentiality will be needed during the discovery phase of this case. Therefore, I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF by February 27, 2018. Counsel are reminded that the Stipulation and Order of Confidentiality must include the Court as one of the parties who may review confidential materials and must also annex and agreement to be bound.

4. Defendant's counsel advised today that he intends to make a motion within the coming weeks to stay this case in its entirety based upon a matter pending in another jurisdiction which defendant believes will be dispositive. I informed counsel that such a motion has to be made directly to Judge Spatt and counsel will proceed accordingly. In the interim, this Court will proceed with discovery unless and until directed otherwise by Judge Spatt.

5. The parties have conferred it very preliminarily regarding the parameters of the electronically stored information ("ESI") which may be relevant in this case. Both sides need to speak further

       with their clients. I am directing counsel to have a further meet-and-confer to reach an agreement on the method by which electronically stored information ("ESI") shall be *produced* in this case. The Court expects that discussion to include issues such as the custodians who should be included, what search terms are to be utilized if necessary, etc. Under Rule 26, the requesting party has the right to demand the manner in which the production takes place. For example, if the requesting party wishes to have the materials produced in the traditional manner in hardcopy, that is fine. If the requesting party wants the material produced on a disc in some type of searchable software format (e.g., .tiff, .pst, .pdf, native format, etc.), that is fine as well. However the parties are directed to reduce their agreement to a writing, with specific details as to the manner of production for all parties. Counsel are to file their letter agreement, executed by all counsel, on ECF <u>no later than February 27, 2018</u> advising me of what agreement/procedure has been put in place, and the specific details of such agreement.

6.     We spent some time today discussing the scope of discovery in this action. Noting that Judge Spatt does not bifurcate discovery, I advised counsel that fact discovery will proceed and that class discovery for now will be limited to individuals contacted by the defendant in New York State. Plaintiff's counsel believes he is entitled to nationwide discovery at this juncture. I advised that I disagreed since no class has as yet been defined and there is no decision on any motion for class certification at this point. The expense which defendant will incur in this regard prior to any determination of the class is substantial and the Court as an obligation to ensure that discovery is being conducted in the most economically feasible manner. Plaintiff's counsel noted that there is a sub-class of plaintiffs in California and plaintiff would like to pursue discovery as to that class as well as to potential class members who were contacted in New York. I directed counsel to have a further discussion about this prospect. If they can agree on including the California sub-class for current discovery purposes, then they may file an appropriate stipulation to that effect. Otherwise, plaintiff's option is to make a formal motion under the Federal Rules to Judge Spatt for that purpose. Counsel pointed out that he needs the California sub-class to establish numerosity.

7.     The deadline to make a formal motion under the Federal Rules to add parties is held in abeyance pending the outcome of the likely motion for class certification. However, the deadline to amend the pleadings is April 10, 2018. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and memorandum of law by April 10, 2018. The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date. The motion is returnable before Judge Spatt and counsel are encouraged to review his Individual Practice Rules which are available on the EDNY website.

8.     As set forth in my Individual Rules, as well as the CMSO entered today, **three business days before the May 30, 2018 Discovery Status Conference, the parties are directed to file a Discovery Status Report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement

concerning whom they wish to depose in the case, including both party and non-party witnesses, and providing the date on which the last deposition is tentatively scheduled to be taken. Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. If the parties have complied with the deadlines in the CMSO up to that point and if there are no outstanding discovery disputes pending, then counsel may file a joint Discovery Status Report (whoever files the Report must be certain to individually and specifically address the four categories listed above). If the parties are behind for any reason, or if there is an outstanding discovery dispute, then counsel will need to each file his/her own Discovery Status Report in order to include the reasons why the parties are behind and/or to provide the case citations supporting counsel's argument regarding the pending discovery dispute. **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

**The remainder of the pre-trial discovery deadlines will be set in place at the May 30, 2018 Discovery Status Conference and will appear in the Final CMSO entered that day. The parties must be prepared to advise the Court at that time of the status of depositions, whether they intend to retain any experts, and the identity of such experts. The discovery cut-off date is September 4, 2018.**

9. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good and faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*n o t* merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

10. Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying CMSO must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. **All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court at least 48 hours in advance of the expiration of the deadline, unless otherwise directed by the Court.** The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge