| | |
|---|---|
| **UNITED STATES DISTRICT COURT** <br> **EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE** <br> **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON           DATE:   6-19-2018
          U.S. MAGISTRATE JUDGE            TIME:   12:42 p.m. (6 minutes)

*Abante Rooter and Plumbing, Inc. v. Shore Funding Solutions, Inc.*
**CV 17-6499 (ADS) (AKT)**

TYPE OF CONFERENCE:      **DISCOVERY STATUS CONFERENCE**

APPEARANCES:   Plaintiff     Ross Howard Schmierer

               Defendant    Clifford B. Olshaker (via telephone)

                            (Does 1 through 10)
               FTR:

THE FOLLOWING RULINGS WERE MADE:

1. This case was set down for the Discovery Status Conference back on January 10, 2018 when the Court conducted the Initial Conference. *See* DE 10. Notwithstanding that fact, defendant's counsel did not appear when the case was called today. Chambers staff reached out to Attorney Olshaker by phone and the call was transferred into the Courtroom. Attorney Olshaker stated that he did not know this case was on for a conference today, although the Court reminded him of the previous Order. Mr. Olshaker acknowledged that he had no one to blame but himself.

2. What is more distressing to the Court is the information contained in the June 14, 2018 Discovery Status Report which was filed by plaintiff's counsel. That report discloses not only that defendant's counsel failed to respond to any of the discovery demands served upon him in February, but also that he failed to serve any discovery on the plaintiff on behalf of the corporate defendant. Moreover, in the report, plaintiff's counsel states that "[m]oreover, Mr. Olshaker has exhibited an incredible amount of disrespect to the undersigned and engaged in severe contumacious behavior." Defendant's counsel failed to respond to any of the eight separate emails sent to him by plaintiff's counsel. In addition, counsel notes that "I was forced to call his office to follow-up. After putting me on hold to speak with Mr. Olshaker, the secretary advised that he would address my question on a call the next week. At the designated date and time, I called his office but nobody answered. I tried several times on that date but still no answer.." Attorney Schmierer reiterated his frustration during today's conference, including the fact that he drove from Philadelphia for today's conference.

   The Court also points out that at the Initial Conference, Attorney Olshaker told the Court that he intended to move promptly to stay this case in its entirety based upon a matter pending in another jurisdiction which defendant believes would be dispositive. At that time, I told Mr. Olshaker that such a motion has to be made directly to Judge Spatt and that he should proceed accordingly. Attorney Olshaker never filed any motion. Instead, he self-remedied by doing absolutely nothing in the case.

3.  The Court pointed out that this is not the first experience with this type of conduct on Mr. Olshaker's part. In fact, the Court has previously sanctioned him for similar conduct in another matter. Mr. Olshaker's only response today is that he will be filing a motion by the end of the week to be relieved as counsel for defendant Shore Funding Solutions. I informed him that such a motion has to be made formally pursuant to the Local Rules and is returnable before Judge Spatt. In addition, I also informed Attorney Olshaker that if the motion to be relieved is not filed on ECF by next Monday, June 25, 2018, then I will permit plaintiff's counsel to move forward with a motion for relief under Rule 37 and Rule 55 for entry of default judgment.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge