UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>SHORE FUNDING SOLUTIONS, INC.; and DOES 1 through 10, inclusive,<br><br>      Defendant. | Civil Case No.: 2:17-cv-06499-ADS-AKT |

## DECLARATION OF ROSS H. SCHMIERER, ESQ.

Pursuant to 28 U.S.C. § 1746, I, Ross H. Schmierer, hereby declare as follows:

1. I am an attorney duly admitted to practice before this Court and I make this Declaration based on my personal knowledge of all matters stated herein.

2. I am a partner of DeNittis Osefchen Prince, P.C. and we represent the plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff") in the above captioned matter.

3. I am fully familiar with all the facts and circumstances in this action and I hereby submit this Declaration in further support of Plaintiff's Motion for Default Judgment against defendant Shore Funding Solutions, Inc. ("Shore" or "Defendant") in accordance with the directives of the Honorable A. Kathleen Tomlinson.

## PROCEDURAL HISTORY

4. This is an action for Defendant's violations of the Telephone Consumer Protection Practices Act, 47 U.S.C. § 227, *et seq*.

5. On or about November 8, 2017, we commenced this action by e-filing a Summons and Complaint. *See* Docket No. 1.

6.	On or about November 9, 2017, attorney Clifford Olshaker ("Olshaker") interposed an Answer on behalf of Shore asserting general denials.  *See* Docket No. 8.

7.	On January 10, 2018, the Honorable A. Kathleen Tomlinson held an Initial Conference wherein the Court set deadlines for discovery and dates for court appearances.  *See* Docket No. 11.

8.	In accordance with the Court's Order dated January 10, 2018, I served Olshaker with: (i) Plaintiff's First Set of Interrogatories; and (ii) Plaintiff's First Request for the Production of Documents ("Demands") in the above referenced matter.  Said Demands were duly served on February 13, 2018.

9.	Notwithstanding the Court's Order setting deadlines to serve written discovery demands, Defendant failed to serve any discovery demands upon Plaintiff and thus violated the Court's Order.

10.	Over the next several months, I tried to obtain responses to the Demands and to even simply speak to Olshaker. But, I was flat out ignored.  During this time, I continually and diligently endeavored to speak with counsel about the case and the outstanding discovery responses.  Specifically, I sent eight (8) separate emails to the email address that counsel had used to send me emails in the past and that is listed as his current email with the Court.  Indeed, in one of these emails I even asked whether he was still representing the Defendant in this matter.  Incredibly, counsel did not even respond to the same.  Without a response to this email, I was forced to call his office to follow up.  After putting me on hold to speak with Olshaker, his secretary advised that he would address my question on a call the next week.  At the designated date and time, I called his office but nobody answered.  I tried several times on that date but still no answer.  *See* the Discovery Status Letter submitted on June 14, 2018 at Doc. No. 14.

11. At that time, I opted not to file any type of motion so as not to run afoul of Magistrate Judge Tomlinson's Individual Practices and the Local Civil Rule 37.3(a). Because I was unable to speak with Olshaker on the phone, I opted not to file any motion that would result in violating these rules. Instead, I deemed it more prudent to avoid wasting the Court's judicial resources with a motion and to address these issues with the Court at the Discovery Status Conference. *See* Docket No. 14.

## **DEFENDANT FAILS TO APPEAR AT DISCOVERY STATUS CONFERENCE**

12. On or about June 19, 2018, I drove two and a half hours to timely appear in person at the scheduled Discovery Status Conference set for 12 noon.

13. Although the parties were made aware of this conference date and time, Olshaker failed to appear.

14. After waiting over an hour, we called Olshaker's office and obtained his cellular phone number. The Court clerk called Olshaker and Magistrate Judge Tomlinson permitted Olshaker to participate by phone.

15. At that time, Olshaker claimed that he was having client issues and that he would seek to withdraw as counsel.

16. Magistrate Judge Tomlinson expressly instructed Olshaker to file his Motion to Withdraw on or before Monday, June 25, 2018.

17. In addition, the Court also informed Attorney Olshaker that if the motion to be relieved was not filed on ECF by that next Monday, June 25, 2018, then it would permit plaintiff's counsel to move forward with a motion for relief under Rule 37 and Rule 55 for entry of default judgment.

18. The Court memorialized these Discovery Rulings and this sequence of events in

this Discovery Status Conference Order dated June 19, 2018. *See* Doc. No. 19. For the Court's convenience, this Order is annexed hereto as Exhibit A.

## OLSHAKER FAILS TO MOVE TO RELIEVED AS COUNSEL THEREBY VIOLATING ANOTHER COURT ORDER

19. Although the Court expressly instructed Olshaker to file his application by Monday, June 25, 2018 and memorialized this express directive in her Order, he failed to do the same. *See* Doc. No. 16.

20. As a result, on June 26th, I called the Court and requested permission to make the within motion. This request was memorialized in a letter of the same date. *See* Doc. No. 16.

21. On June 27, 2018, the Court issued the following Text Order:

In light of defense counsel's failure to comply with the Court's Order of June 19, 2018, the Court is permitting plaintiff's counsel to proceed with the filing of a formal motion for (1) default under Fed. R. Civ. P. 37 and (2) entry of default judgment under Rule 55. The motion papers and memorandum of law must be filed on ECF within 30 days. The motion is returnable before Judge Spatt.

22. In accordance with the Court's Text Order, we submit this timely application to the Court seeking: (1) default under Fed. R. Civ. P. 37 and (2) entry of default judgment under Rule 55.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: July 27, 2018

                                                  s/ Ross H. Schmierer
                                                  Ross H. Schmierer, Esq.