FILED
CLERK
3:53 pm, May 06, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,

                Plaintiff,

        -against-

SHORE FUNDING SOLUTIONS, INC.; and DOES 1 through 10, inclusive.

               Defendants.
---------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-06499 (ADS)(AKT)

**APPEARANCES**:

**DeNittis Osefchen Prince, P.C.**
*Attorneys for the Plaintiff*
315 Madison Avenue 3rd Floor
New York, NY 10017
      By:    Ross Howard Schmierer, Esq., Of Counsel.

**Law Offices of Clifford B. Olshaker**
*Attorneys for the Defendants*
98-19 37th Avenue 2nd Fl.
Corona, NY 11368
      By:    Clifford B. Olshaker, Esq., Of Counsel.

**SPATT, District Judge.**

On July 27, 2018, the Plaintiff moved for a default judgment against the Defendant pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rules") 37 and 55 due to the Defendant's failure to comply with a number of orders issued by United States Magistrate Judge A. Kathleen Tomlinson. The Court referred the Plaintiff's motion to Judge Tomlinson for a report and recommendation.

On March 6, 2019, Judge Tomlinson issued a Report and Recommendation ("R&R") that the Court deny the Plaintiff's motion for entry of a default judgment and instead impose a lesser

sanction under Rule 37 in the form of requiring the Defendant's Counsel to reimburse the Plaintiff's Counsel the total amount of fees expended, and costs incurred, as a result of filing the motion. The court refers the parties to the R&R for a recitation of the relevant facts and procedural background.

Presently before the Court are the Defendant's Counsel's objections to the R&R. For the reasons that follow, the Court adopts the R&R in its entirety.

## I. DISCUSSION

### A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-cv-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, —— Fed.Appx. ——, No. 17-cv-383, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS OF THIS CASE.**

"Federal Rule of Civil Procedure 37 'provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery.'" *Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 293 (E.D.N.Y. 2014) (quoting *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77, 80 (D.Conn.1998)). Potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other. *See generally* ; Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii).

"The imposition of sanctions under Rule 37 is within the discretion of the district court." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988) (citation omitted). As the Second Circuit has stated,

> [d]isciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). In effectuating these purposes and determining whether and which sanctions under Rule 37 are appropriate, courts consider several well-known, non-exhaustive factors, including: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Here, Judge Tomlinson found default judgment to be an inappropriate sanction under the circumstances, but that it was "clear . . . some form of sanction under Rule 37 [was] appropriate" due to the conduct of the Defendant's Counsel, which Judge Tomlinson described as "among other

things, disdainful and inappropriate towards the Court and opposing counsel." R&R at 13. Accordingly, Judge Tomlinson recommended the lesser sanction of requiring the Defendant's Counsel to reimburse the Plaintiff's Counsel for attorney's fees and costs incurred as a result of filing the motion for default judgment. The Defendant's Counsel objects: first, that his non-compliance with the discovery schedule was substantially justified (and not willful) in light of the Plaintiff's failure to execute the Confidentiality Stipulation, and second, that sanctioning him would have the effect of punishing him for continuing to represent his client.

Starting with the first objection, the Court notes that the Defendant's Counsel raised this argument almost verbatim before Judge Tomlinson, ECF 20 at 7, 9, who explained that that his excuse failed to justify the failure to respond to eight e-mails and several telephone calls, R&R at 13–14. As the Defendant's Counsel puts forward nothing overlooked or misunderstood by Judge Tomlinson, the Court applies clear error review to her determination that he acted willfully. Finding none, the Court concurs with Judge Tomlinson's reasoning. The Court reiterates Judge Tomlinson's admonition that the parties have an obligation to confer in good faith to resolve discovery issues. The proper response to the Plaintiff's failure to execute the Confidentiality Stipulation was to raise the issue with the Plaintiff's Counsel and, if necessary, the Court. In no situation could it warrant defense counsel's apparent five-month lapse in communication.

As to the second objection, the Court reviews Judge Tomlinson's determination in this regard *de novo* but nonetheless concurs with the R&R. In a conclusory fashion, the Defendant's Counsel argues that awarding attorney's fees in connection with filing the default motion "is indistinguishable from sanctioning [him] for remaining as Defendant's attorney and . . . an encroachment upon [his] client's right to hire (or retain) the attorney of their choosing as guaranteed by the Sixth Amendment." ECF 26 at 9. The Court reminds the Defendant's Counsel

that "[i]t is settled law that the Sixth Amendment right to counsel does not apply in civil cases." *Waterbury v. Liberty Life Assur. Co.*, 202 F. App'x 477, 479 (2d Cir. 2006). Regardless, the Defendant's Counsel mischaracterizes the nature and effect of the sanction recommended. Judge Tomlinson did not suggest attorney's fees to punish him for continuing to represent his client. Rather, the proposed punishment arose from his decision to "remain counsel of record *without notifying the Court*" after a sustained period of inactivity and non-responsiveness, notwithstanding "being warned of the consequences." R&R at 16–17 (emphasis added). The Court finds that Judge Tomlinson adequately appraised the Defendant's Counsel of the potential for Rule 37 sanctions and properly found that his conduct warranted the lesser sanction of attorney's fees in connection with the default judgment motion.

Therefore, the Court overrules the Defendant's objections.

## II. CONCLUSION

For the foregoing reasons, the Court overrules the Defendant's objections and adopts the R&R in its entirety. The Court denies the Plaintiff's motion for entry of default judgment. Pursuant to Rule 37, the Court awards the Plaintiff's Counsel attorney's fees and costs for the total amount incurred in connection with filing the motion for default judgment. The Plaintiff's Counsel is directed to submit a memorandum, with accompanying affidavits and other appropriate documents, regarding the amount to be reimbursed no later than 30 days from the issuance of this Order. The Defendant's counsel must file any objections to the amount requested no later than 14 days from the filing of the Plaintiff's Counsel's memorandum.

**SO ORDERED.**
Dated: Central Islip, New York
May 6, 2019.

                                                                           */s/ Arthur D. Spatt*
                                                                            ARTHUR D. SPATT
                                                                 United States District Judge